**In re: Francis and Assunta PETROZELLA, Debtors.**

**No. 99–13144.**

United States Bankruptcy Court, D. Rhode Island.

April 14, 2000.

Carl P. DeLuca, Esq., DeLuca & DeLuca, Warwick, for Debtors.

Louis A. Geremia, Esq., Geremia & DeMarco Ltd., Providence, for Chapter 7 Trustee.

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

On August 19, 1999, Francis and Assunta Petrozella filed a joint Chapter 7 bankruptcy petition and claimed the Rhode Island state exemptions under R.I. Gen. Laws § 9–26–4.[1] In their Schedule C the Debtors claim the following exemptions:

| | |
|---|---|
| Miscellaneous Furniture | $2,000.00 |
| 1989 Dodge Dynasty | $1,000.00 |

The Chapter 7 Trustee objects to Debtors' claimed exemption of "Miscellaneous Furniture" in the amount of $2,000, on the ground that it exceeds the statutory allowance of $1,000. In response, the Debtors argue that *each* Debtor is entitled to the $1,000 exemption in "Miscellaneous Furniture," bringing the total exemption to $2,000. The Debtors also claim that allowing one debtor to claim the exemption and not the other, when both Debtors reside in Rhode Island, violates the right of the other to equal protection under the law.

The issue at bench is whether Rhode Island law allows joint debtors to double the exemption allowed for household goods under R.I. Gen. Laws § 9–26–4(3).

---

1. If a state has not opted out of the federal exemption scheme, then Section 522(b) allows the debtor to choose between the federal or state exemptions. *See* 11 U.S.C. § 522(b)(2). Rhode Island has not opted out of the federal exemption scheme.

**592**

## DISCUSSION

 Rhode Island General Laws § 9–26–4 states in relevant part:

Property exempt from attachment.— The following goods and property shall be exempt from attachment on any warrant of distress or on any other writ, original mesne, or judicial:

. . .

(3) The household furniture and family stores of a housekeeper *in the whole,* including beds and beddings, not exceeding in value the sum of one thousand dollars ($1,000).

R.I. Gen. Laws § 9–26–4 (emphasis added). While there is neither a case in Rhode Island deciding whether joint debtors may each claim an exemption in "household" goods, nor a ruling defining the term "household," the statute is clear, and the Court is therefore precluded from delving into the legislative intent. The First Circuit has stated that, when interpreting a statute, "[t]he 'plain meaning' of statutory language controls its construction." *Summit Investment & Dev. Corp. v. Leroux,* 69 F.3d 608, 610 (1st Cir.1995). "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

 The Rhode Island statute allows a debtor to exempt up to $1,000 in *"household* furniture and *family* stores ... *in the whole."* Black's Law Dictionary defines household as "[a] family living together. . . . Those who dwell under the same roof and compose a family." Black's Law Dictionary 740 (6th ed.1990); *see also Lyng v. Castillo,* 477 U.S. 635, 106 S.Ct. 2727, 91 L.Ed.2d 527 (1986)(defining a single household as parents, children and siblings who live together). The Debtors have neither argued nor alleged that they maintain separate households. Because these joint debtors live in one household, the exemption is limited to $1,000 under the plain language of the statute. The

Trustee's objection to the claimed exemption of $2,000 is SUSTAINED. The Debtors' exemption in household goods is limited to $1,000.

Enter judgment consistent with this order.